**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Arturo Carlos FIGUEROA–OCAMPO, Defendant—Appellant.**

**No. 04–50202.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided July 13, 2005.

---

Randy K. Jones, AUSA, U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jodi D. Thorp, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, PREGERSON, and TROTT, Circuit Judges.

## MEMORANDUM [*]

Arturo Figueroa–Ocampo was charged and convicted of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. He challenges his conviction, arguing that the district court erred by denying his motions (1) to dismiss the indictment, and (2) to disclose the grand jury transcripts. He challenges also his 37–month sentence by alleging, among other things, that the district court erred under *United States v. Booker*, —— U.S.

——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm Figueroa–Ocampo's conviction because the motion to dismiss the indictment was untimely, and the motion to disclose the grand jury transcripts was properly denied. We remand his sentence pursuant to *United States v. Ameline,*—— F.3d——, 409 F.3d 1073, 2005 WL 1291977 (9th Cir. June 1, 2005) (en banc).

First, the district court properly dismissed Figueroa–Ocampo's motion to dismiss the indictment as untimely. Federal Rule of Criminal Procedure 12(b)(3)(B) requires a motion to dismiss the indictment before trial, and Figueroa–Ocampo waited until six months after trial to file his motion.

Second, the district court did not abuse its discretion by denying Figueroa–Ocampo's motion to disclose the grand jury material because Figueroa–Ocampo's basis for requesting that material was meritless. He claimed that the court's instructions to the grand jury were unconstitutional. On the contrary, we have recently clarified that the specific instructions Figueroa–Ocampo challenges are constitutional. *United States v. Navarro–Vargas*, 408 F.3d 1184, 1204–05 (9th Cir.2005) (en banc).

Finally, we remand the sentencing challenges raised by Figueroa–Ocampo, pursuant to *Ameline*, 409 F.3d 1073, 1085, for proceedings consistent with *Ameline'* s requirements. If Figueroa–Ocampo no longer wishes to pursue resentencing, he may "opt out" of resentencing by promptly notifying the district court. *Id.*

AFFIRMED in part and REMANDED in part.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.